IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GILBERTO VERDUGO GUTIERREZ,<br><br>Defendant. | 8:05-CR-233<br><br>**ORDER** |

This matter is before the Court on a Motion to Exonerate Bond. Filing 91. The movant, Jeffer L. Wilson Jr., avers that he is the brother in law of the defendant, Gilberto Verdugo Gutierrez, Filing 91 at 1, who was sentenced in 2009 to a term of 42 months, Filing 81. Wilson says in his Motion that he put his house as collateral for the defendant's bond 17 years ago, and that the defendant is now deceased. Filing 91 at 1. Wilson included with his Motion a document that he says is a death certificate issued in Mexico indicating that the defendant died on March 29, 2021. Filing 91 at 3–4. Wilson claims that his property is still subject to the bond and requests that the Court "release" it. Filing 91 at 1. Liberally construing his submission, the Court understands him to be seeking exoneration under Rule 46 of the Federal Rules of Criminal Procedure.

Federal Rule of Criminal Procedure 46(g) provides, "The court must exonerate the surety and release any bail when a bond condition has been satisfied or when the court has set aside or remitted the forfeiture. The court must exonerate a surety who deposits cash in the amount of the bond or timely surrenders the defendant into custody." Fed. R. Crim. P. 46(g); *see also United States v. Hoffman*, No. 04-CR-1040, 2007 WL 1052435 (S.D.N.Y. Apr. 5, 2007) (granting defendant's Motion to Exonerate Bond under Fed. R. Crim. P. 46(g)).

1

The record reflects that Jeffer L. Wilson was the surety on a $150,000 bond for the defendant issued on April 23, 2007, in the U.S. District Court for the Central District of California. Filing 5-15. The record further reflects that Wilson designated a $350,000 property located in Los Angeles, California, as collateral for the defendant's bond. Filing 5-15. However, the Presentence Investigation Report indicates that the defendant violated the conditions of his bond, stating, "On April 23, 2007, the defendant appeared before U.S. Magistrate Judge Thomas D. Thalken and pled not guilty to all counts, and was released on his current bond. On May 14, 2008, the defendant was arrested on a bond violation." Filing 83 at 3 (¶ 3); *see also* 4 (¶ 9) (indicating that "on May 14, 2008, the defendant was arrested based on a warrant for violating his conditions of release"). In a May 7, 2008, Petition for Action on Conditions of Pretrial Release, a Pretrial Services Officer sought an arrest warrant for the defendant for violating release conditions, citing an April 30, 2008, arrest in California. Filing 54. In February 2009, the defendant objected to several parts of the Presentence Investigation Report but not to anything regarding the alleged bond conditions violation. *See generally* Filing 77.

Despite the defendant's purported violations of his bond conditions, the record does not reflect an order of forfeiture of the Movant's property. *See* Fed. R. Crim. P. 46(f)(1) (requiring courts to "declare the bond forfeited if a condition of the bond is breached"). Nor does the record indicate that the forfeiture was ever "set aside." *See* Fed. R. Crim. P. 46(f)(2) (permitting courts to "set aside in whole or in part a bail forfeiture upon any condition the court may impose if: (A) the surety later surrenders into custody the person released on the surety's appearance bond; or (B) it appears that justice does not require bail forfeiture"). The Court observes that the defendant was taken into custody shortly after his purported bond violation, that his term of imprisonment has long ended, and that—at least according to the Movant—the defendant is now deceased. However,

before ruling on this Motion, the Court will order the United States to respond to this Motion to Exonerate Bond and state its position on the matter within fourteen (14) days of the date of this order. The Court defers determining whether to hold a hearing until it has reviewed the United States' response. Accordingly,

IT IS ORDERED that the United States shall respond to the Motion to Exonerate Bond, [Filing 91](), within fourteen (14) days of the date of this order.

Dated this 16th day of May, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge